Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 2589 | **DATE** | 9/15/2003 |
| **CASE TITLE** | Joyce B. Whaley vs. Shapiro & Kreisman, LLC | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss for failure to state a claim pursuant to F.R.C.P. 12(b)(6) is granted in part and denied in part. Status hearing set for October 9, 2003 at 9:15am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 6 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 03 SEP 15 PH 3:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOYCE B. WHALEY, )
)
Plaintiff, )
)
vs. )   No. 03 C 2589
)
SHAPIRO & KREISMAN, LLC, )
)
Defendant. )

DOCKETED
SEP 1 6 2003

## MEMORANDUM OPINION AND ORDER

Plaintiff Joyce B. Whaley brought this class action against defendant Shapiro & Kreisman, LLC, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).  Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the following reasons, defendant's motion is granted in part and denied in part.

## BACKGROUND

On December 16, 2002, defendant Shapiro & Kreisman, on behalf of its client, filed a foreclosure suit against plaintiff Joyce B. Whaley.  The mortgage documents authorized the lenders to recover "reasonable attorneys' fees and costs" (def. mem. in sup. of mo. to dismiss, ¶18, exh. A).  On February 23, 2003, Whaley paid off the loan in its entirety in order to avoid foreclosure.  Of the $127,006.67 paid by plaintiff, $2,307 was for attorneys' fees and costs.  On March 19, 2003, the foreclosure suit was dismissed.  Plaintiff filed this on behalf of other borrowers who paid attorneys' fees to defendant.  She alleges that defendant had no right to the fees and therefore its billing practices violated the FDCPA.

## DISCUSSION

In deciding a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) we must assume the truth of all well-pleaded factual allegations, making all inferences in the non-movant's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). We dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Plaintiff does not dispute that the mortgage document clearly allows for the recovery of reasonable attorneys' fees and costs, nor did she initially argue that the amount of the fees was unreasonable. Instead, she argued that defendant violated the FDCPA by billing her for the fees without first obtaining court approval.

The plaintiff directs us to a series of cases holding that, when a statute allows for reimbursement of attorneys' fees, the party seeking to collect fees must proceed through the court. *See* Shula v. Lawent, 2002 WL 31870157, *9 (N.D. Ill. 2002) (holding that debt collector could not bill for attorneys' fees where no agreement existed between the parties and no judgment had been entered authorizing the collection of fees). These cases do not speak to the situation where a party explicitly agrees to the fees in a *contract*, as is the case here. In this case defendant had the contractual right to bill plaintiff a reasonable amount without having to first obtain court approval. *See* Porter v. Fairbanks Capital Corp., 2003 WL 21210115 (N.D. Ill. 2003); James v. Olympus Servicing, L.P., 2002 WL 31307540, *4 (N.D. Ill. 2002) (holding, in a case with nearly identical facts, that the FDCPA does not require court approval to collect contractually agreed-upon attorneys' fees).

And it is generally in the debtor's interest that this be so. It is not uncommon for a mortgagor to fall behind, for the mortgagee to engage an attorney to obtain collection or initiate foreclosure proceedings, for the attorney to so advise the mortgagor, for the mortgagor or her attorney to seek and obtain a payoff letter which contains a reasonable attorney's fee figure as authorized by the mortgage documents, and for the mortgagor then to resolve the matter by payment. No court has been involved, unless the complaint has already been filed. If the mortgagee's attorney had to initiate a legal proceeding to obtain court approval of fees, the mortgagor would become liable for additional fees as well as the costs of that proceeding.

As this case has progressed, plaintiff has expanded her legal theories. She claims that an indeterminate claim for fees violates FDCPA, although Veach v. Sheeks, 316 F.3d 690, 692 (7th Cir. 2003), indicates otherwise. She also now alleges that the fees are unreasonable or unearned. That is possibly so. That claim dooms any effort to pursue this case as a class action. Moreover, the representation of what were reasonable fees and costs was made in a payoff letter sent to attorneys – at least one who was representing plaintiff and who raised no questions about the amount of the fees at the time the mortgage was paid. But we are getting ahead of ourselves since all the later filings get us into exhibits and representations, the stuff of summary judgment motions.

For now, we grant the motion to dismiss the claim that defendant violated FDCPA by failing to get court approval for fees and costs. We leave to the parties the procedural issue of how to resolve what remains, which arises from the amendment.

JAMES B. MORAN
Senior Judge, U. S. District Court

Sept. 15 , 2003.